

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-30-2005

# Downey v. Coalition Against

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3029

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Downey v. Coalition Against" (2005). *2005 Decisions.* Paper 638.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/638

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-3029

TERESA M. DOWNEY,
Appellant

v.

THE COALITION AGAINST RAPE AND ABUSE, INC.;
BOARD OF CHOSEN FREEHOLDERS OF CAPE MAY COUNTY;
THE HERALD NEWSPAPERS; OFFICE OF THE PROSECUTOR,
COUNTY OF CAPE MAY; STEPHEN D. MOORE; RAY BATTEN;
JOSEPH R. ZELNIK, in their official and personal
capacities, and individually and severally

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 99-cv-03370)
District Judge:  Honorable Jerome B. Simandle

Submitted Under Third Circuit LAR 34.1(a)
June 29, 2005

Before:  ROTH, RENDELL and BARRY, Circuit Judges.

(Filed:  August 30, 2005)

OPINION OF THE COURT

RENDELL, Circuit Judge.

Appellant Terry Downey appeals the orders of the District Court granting summary

judgment in favor of Appellees[1] with respect to her claims under 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), New Jersey's Conscientious Employee Protection Act,[2] and New Jersey's Law Against Discrimination.[3] As we write solely for the parties, our recitation of the facts will be limited to those necessary to our determination of whether the proceedings below establish that Appellees are entitled to summary judgment when the facts are viewed in the light most favorable to Downey, the nonmoving party. Fed. R. Civ. P. 56(c).

On July 14, 1999, Downey filed a Complaint predicated on events that allegedly gave rise to her termination as Executive Director of CARA. In sum, Downey asserted that Appellees conspired to wage a public campaign against her, disparage her professional reputation with the goal of terminating her employment, and cause the withholding of funds and resources from CARA because she made critical statements about local law enforcement and the judiciary in a state grant application.

Appellees moved to dismiss Downey's Complaint under Fed. R. Civ. P. 12(b)(6). On August 7, 2000, the District Court granted Appellees' motion in part because Downey's claims were untimely and failed to set forth with specificity the factual basis as

---

[1] Appellees include the Coalition Against Rape and Abuse ("CARA"), the Cape May County Board of Chosen Freeholders, the Cape May County Office of the Prosecutor, the Herald Newspapers, and individuals Stephen D. Moore, Raymond A. Batten, and Joseph Zelnik.

[2] Codified at N.J.S.A.§ 34:19-1.

[3] Codified at N.J.S.A. § 10:5-1.

2

to each of Appellees' respective roles in the alleged scheme to have Downey terminated from her position at CARA. The District Court dismissed the remainder of Downey's Complaint for lack of subject matter jurisdiction. Downey then filed an Amended Complaint and subsequently moved for reconsideration with respect to the dismissal of her federal claims against Appellees. The District Court denied Downey's Motion for Reconsideration and eventually granted Appellees' motions for summary judgment with respect to all of Downey's outstanding claims on the basis that Downey failed to state and support actionable claims. The instant appeal followed.

In his nine Opinions and Orders, Judge Simandle fully and adequately explained why Appellees were entitled to summary judgment under Fed. R. Civ. P. 56 on all of Downey's claims. We find his reasoning and analysis compelling and without error. Therefore, we will not repeat or add to the District Court's careful analysis simply to reach the same results.

Accordingly, for the reasons set forth in the District Court's Opinions and Orders, we will affirm.

---